ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 30 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-2704 |
| PAWNMART, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |



## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Alicia Cornell who was adversely affected by such practices. The Commission alleges that PawnMart, Inc. wrongfully terminated Alicia Cornell in retaliation for reporting that a male store manager was subjecting her to sexual harassment. Alicia Cornell registered a complaint with PawnMart's District Manager on September 29, 2007, and PawnMart, Inc., subsequently terminated her employment as an Assistant Manager a few days later, October 4, 2007.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant, ("PawnMart, Inc." or "PawnMart"), has continuously been a corporation doing business in the State of Georgia and the city of Douglasville (among other cities), and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Alicia Cornell ("Cornell") filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2007, Defendant engaged in unlawful employment practices at its Douglasville, Georgia location, in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a), by discharging Alicia Cornell in retaliation for reporting that her store manager was sexually harassing her, a practice made unlawful by Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Alicia Cornell of equal employment opportunities and, otherwise, adverse affect her status as an employee, because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Alicia Cornell.

11. Cornell began working for Defendant as an Assistant Manager in February 2006.

12. Defendant's male store manager began harassing Cornell at its Douglasville Georgia location on or about August 20, 2007, and he continued harassing her until she was terminated on October 4, 2007.

13. Cornell complained to her District Manager about the unlawful harassment on September 29, 2007.

14. Defendant began investigating Cornell's charge of sexual harassment on October 2, 2007.

15. Cornell was terminated from her employment with PawnMart on October 4, 2007.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of involvement in activity protected by Title VII.

B. Order Defendant PawnMart, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant PawnMart, Inc., to make whole Alicia Cornell, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant PawnMart, Inc., to make whole Alicia Cornell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant PawnMart, Inc., to make whole Alicia Cornell by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant PawnMart, Inc., to pay to Alicia Cornell punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/30/2009
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No.: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818    (direct)
(404) 562-6905    (facsimile)